IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM REDSHAW, | : | CIVIL NO. 3:CV-12-1150 |
| Plaintiff, | : | |
| | : | (Judge Mariani) |
| v. | : | |
| | : | |
| SCI CAMP HILL | : | |
| RESIDENT PSYCHIATRIST, | : | |
| Defendant | : | |

FILED
SCRANTON

JUN 29 2012

PER /s/
DEPUTY CLERK

### MEMORANDUM

Plaintiff William Redshaw ("Plaintiff" or "Redshaw"), an inmate presently confined at the State Correctional Institution Somerset ("SCI Somerset") in Somerset, Pennsylvania, initiated the above action pro se by filing a civil rights Complaint under the provisions of 42 U.S.C. § 1983. (Doc. 1.) He alleges that, upon his intake at the State Correctional Institution in Camp Hill, Pennsylvania ("SCI Camp Hill"), his anti-depressant and anti-psychotic medications were discontinued by Defendant, and that while he subsequently was put back on his anti-psychotic medication after he filed a grievance, he received a lesser dosage than he had previously. Redshaw has filed a Motion for leave to proceed in forma pauperis in this case (Doc. 2), and therefore, the Complaint presently is before the Court for screening under the provisions of 28 U.S.C. § 1915.

For the reasons set forth below, the Complaint fails to state a claim upon which relief may be granted and will be dismissed under the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii). However, because it is possible that the deficiencies in the Complaint may

be remedied by amendment, Redshaw will be granted in forma pauperis status and will be given the opportunity to file an amended pleading in this action within twenty-one (21) days.

I.  **Allegations of the Complaint**

In his Complaint, filed on June 18, 2012, Redshaw names the SCI Camp Hill Resident Psychiatrist as Defendant.[1] He alleges that, upon his initial interview with Defendant at SCI Camp Hill, Defendant took Redshaw off his anti-depressants even though he still was experiencing severe depression as a result of the 2011 murder of his brother. (Doc. 1 § IV. ¶ 1.) He further alleges that Defendant also took him off his anti-psychotic medication after speaking to him for "approximately four minutes" and "reversed [his] life long diagnosis of schizo-effective disorder." (Id. ¶ 2.) Redshaw alleges that, "[a]fter filing a grievance against psychiatry at SCI Camp Hill", he was given back his anti-psychotic medication at a dosage of 4 milligrams once per day, which was a reduction from his "life-long dosage" of 16 milligrams twice per day. (Id. ¶ 3.) He alleges that "[t]he new dosage solved nothing." (Id.)

---

[1] Although Redshaw identifies "SCI Camp Hill" as the Defendant in the caption of his Complaint, in the section of his form complaint in which he is asked to fully identify the defendants in this action, he identifies the Defendant as "SCI Camp Hill Resident Psychiatrist." (See Doc. 1 § III.) To state a § 1983 claim, a plaintiff must demonstrate that (1) the conduct complained of was committed by a **person** acting under color of state law; and (2) the conduct deprived the plaintiff of a right, privilege or immunity secured by the Constitution or laws of the United States. A prison is not a "person" within the meaning of § 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 64, 70 (1989); Phippen v. Nish, 223 Fed. Appx. 191, 192 (3d Cir. 2007) (citing Fischer v. Cahill, 474 F.2d 881, 992 (3d Cir. 1971)). Thus, to the extent Redshaw sought to name SCI Camp Hill as a Defendant, the prison is not a proper defendant, and therefore we construe the SCI Camp Hill Resident Psychiatrist as the sole Defendant.

2

In his request for relief, Redshaw states that he is filing suit for the "nearly three months of mental anguish as a result of being on no anti-depressants while living with the horror of [his] brother's murder." (Id. § V. ¶ 1.) He also states that he is bringing suit for "nearly three months of mental anguish as a result of the full blown return of [his] audio and visual hallucinations stemming from schizo-effective disorder that [he] was not treated for from 3-21-12 to 5-30-12." (Id.) Finally, Redshaw requests that the Court order the reinstatement of all of the medications that had been prescribed for him by physicians at Mercy Behavioral Health in Pittsburgh. (Id. ¶ 3.)

## II. Standard of Review

Under 28 U.S.C. § 1915(e)(2)(B)(ii), a federal court must dismiss a case filed in forma pauperis if the court determines that the complaint "fails to state a claim on which relief may be granted." In reviewing the legal sufficiency of a complaint, the Court must accept the truth of the plaintiff's factual allegations. Morrison v. Madison Dearborn Capital Partners III L.P., 463 F.3d 312, 314 (3d Cir. 2006). The controlling question is whether the complaint "alleges enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) (rejecting the "no set of facts" language from Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's

elements will not do." Twombly, 550 U.S. at 555 (citation omitted). To survive a motion to dismiss, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id.

Pro se pleadings are to be construed liberally, Haines v. Kerner, 404 U.S. 519, 520 (1972), and pro se litigants are to be granted leave to file a curative amended complaint "even when a plaintiff does not seek leave to amend . . . unless such an amendment would be inequitable or futile." Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). However, a complaint that sets forth facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend. Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002).

## III. Discussion

Preliminarily, we observe that, while Redshaw states in the request for relief section of his Complaint that he allegedly was not treated for his schizo-effective disorder from March 21, 2012 through May 30, 2012, in the statement of claim section of his Complaint, he fails to provide any dates in connection with his allegations. (See Doc. 1 § IV.) Thus, since we are granting Redshaw leave to file an amended complaint, he is directed that, in the event he chooses to file an amended pleading, he should include the dates on which the events he describes allegedly occurred in order to give Defendant sufficient notice of his claims.

4.

We construe Redshaw's claim concerning the medical care that he received at SCI Camp Hill as an Eighth Amendment deliberate indifference claim. In order to establish an Eighth Amendment claim against a defendant for inadequate medical care under § 1983, a plaintiff must show "(i) a serious medical need, and (ii) acts or omissions . . . that indicate deliberate indifference to that need." Natale v. Camden County Corr. Facility, 318 F.3d 575, 582 (3d Cir. 2003). See also Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999). A serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that a layperson would recognize the need for a doctor's attention. Monmouth County Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987). In addition, "if 'unnecessary and wanton infliction of pain' results as a consequence of denial or delay in the provision of adequate medical care, the medical need is of the serious nature contemplated by the Eighth amendment." Id. (quoting Estelle v. Gamble, 429 U.S. 97, 103 (1976)).

The test for whether a prison official was deliberately indifferent is whether that defendant "acted or failed to act despite his knowledge of a substantial risk of serious harm." Farmer v. Brennan, 511 U.S. 825, 841 (1994). "The official must both be aware of facts from which the inference can be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837. Deliberate indifference may be evidenced by an intentional refusal to provide care, delayed provision of medical treatment for non-medical reasons, denial of prescribed medical treatment, denial of reasonable requests for treatment that results in suffering or risk of injury, Durmer v. O'Carroll, 991 F.2 d 64, 68 (3d Cir. 1993), or

by "persistent conduct in the face of resultant pain and risk of permanent injury", <u>White v. Napoleon</u>, 897 F.2d 103, 109 (3d Cir. 1990). Thus, a complaint that a physician "has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment . . . ." <u>Estelle</u>, 429 U.S. at 106.

    While Redshaw's allegation that he suffers from depression and schizo-effective disorder may be sufficient to establish a serious medical need, he has not provided sufficient allegations to state a plausible claim of deliberate indifference by Defendant to that need. Redshaw's allegation that Defendant altered his medication regimen in and of itself is insufficient to demonstrate deliberate indifference to a serious medical need. In particular, he fails to allege facts suggesting either that Defendant's initial decision to discontinue his medications, or the subsequent decision to re-start him on one of his medications at a lesser dosage than he had been receiving, was an act of deliberate indifference rather than an attempt to provide appropriate medical care. Moreover, while Redshaw states in his request for relief that he experienced a return of audio and visual hallucinations, he has not alleged that these symptoms were known by Defendant and that Defendant intentionally refused to provide appropriate medical care despite those symptoms. Consequently, Redshaw's allegations are more suggestive of a disagreement with the medical care that was provided and thus, as they stand, fail to state a claim upon which relief may be granted. We therefore must dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

### IV. Leave to Amend

It is possible that Redshaw may cure the deficiencies in his Complaint, and therefore, our dismissal will be without prejudice to his ability to file an amended complaint within twenty-one (21) days.

If Redshaw decides to file an amended complaint, he is advised that any amended complaint he files should contain the same docket number as the instant action and should be labeled "Amended Complaint."

In addition, the "amended complaint must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." Young v. Keohane, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). In particular, Redshaw is advised that any amended complaint he may file supercedes the original complaint and must be "retyped or reprinted so that it will be complete in itself including exhibits." M.D. Pa. Local Rule 15.1. As a result, all causes of action alleged in an original complaint which are not alleged in an amended complaint are waived.

Redshaw also is directed to provide factual allegations in support of his claims in short, concise, and plain statements, and in numbered paragraphs. These allegations should be specific as to time and place, and he should specify what Defendant did that led to a deprivation of his constitutional or other federal rights. See Iqbal, supra, 556 U.S. at 677. He also shall specify the relief he seeks with regard to his claim. Redshaw's failure to file an appropriate amended complaint within the required time will result in the dismissal of this

action.

V. Conclusion

Based upon the foregoing, Redshaw's Complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim without prejudice to his ability to file an amended complaint as directed herein within twenty-one (21) days. An appropriate Order follows.

Robert D. Mariani
United States District Judge