IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM REDSHAW, | : | CIVIL NO. 3:CV-12-1150 |
| Plaintiff, | : | |
| | : | (Judge Mariani) |
| v. | : | |
| | : | |
| SCI CAMP HILL | : | |
| RESIDENT PSYCHIATRIST, | : | |
| Defendant | : | |

## MEMORANDUM and ORDER

Plaintiff William Redshaw ("Plaintiff" or "Redshaw"), an inmate presently confined at the State Correctional Institution Somerset ("SCI Somerset") in Somerset, Pennsylvania, initiated the above action pro se by filing a civil rights Complaint under the provisions of 42 U.S.C. § 1983. (Doc. 1.)  He alleges that, upon his intake at the State Correctional Institution in Camp Hill, Pennsylvania ("SCI Camp Hill"), his anti-depressant and anti-psychotic medications were discontinued by Defendant, and that while he subsequently was put back on his anti-psychotic medication after he filed a grievance, he received a lesser dosage than he had previously.

Based upon his request to proceed in forma pauperis in this case (Doc. 2), we screened the Complaint under the provisions of 28 U.S.C. § 1915, and by Memorandum and Order dated June 29, 2012, the Complaint was dismissed under the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.  (Docs. 7, 8.) However, Redshaw was granted leave to file an amended complaint within twenty-one (21) days.  (Id.)

On the same date that our screening Memorandum and Order were issued, a letter from Redshaw mailed on June 25, 2012 was entered on the docket in which he requests assistance in formulating a motion to appoint counsel. (Doc. 9.) We construe Redshaw's letter as a Motion to Appoint Counsel. For the reasons set forth below, the Motion will be denied without prejudice to Redshaw's ability to renew the Motion if necessary as this litigation progresses.

The Court recognizes that there is neither a constitutional nor a statutory right to counsel for civil litigants. Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997); Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993). Notwithstanding this lack of a constitutional or statutory right to appointed counsel, in a civil case, 28 U.S.C. § 1915(e)(1) provides that "[t]he court may request an attorney to represent any person unable to employ counsel." A district court's appointment of counsel pursuant to this statute is discretionary and must be made on a case-by-case basis. Tabron, 6 F.3d at 157-58. The exercise of this discretion, however, is guided by certain basic principles. Gordon v. Gonzalez, 232 Fed. Appx. 153, 156 (3d Cir. 2007).

In Tabron, the United States Court of Appeals for the Third Circuit first outlined with specificity the applicable standards to be considered by courts upon an application to appoint counsel pursuant to 28 U.S.C. § 1915(e)(1). Id. at 155-57. In Parham, the Third Circuit identified the following guidelines for appointing counsel to indigent civil litigants:

> As a preliminary matter, the plaintiff's claim must have some merit in fact and law. If the district court determines that the plaintiff's claim has some merit, then the district court should consider the

2

following factors:

(1) the plaintiff's ability to present his or her own case;

(2) the complexity of the legal issues;

(3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such an investigation;

(4) the amount a case is likely to turn on credibility determinations;

(5) whether the case will require the testimony of expert witnesses;

(6) whether the plaintiff can attain and afford counsel on his own behalf.

Parham, 126 F.3d at 457 (citation omitted).

Our analysis of these factors suggests that counsel should not be appointed in this case at the present time. We observe that, while Redshaw's Complaint has been dismissed for failure to state a claim, he nevertheless demonstrated his ability in his initial pleading to present his own case by presenting the factual allegations in support of his claims in a clear and concise manner. Moreover, the legal issues in this case do not appear to be overly complex, and there is no indication that Redshaw will be unable to pursue any factual investigation that will be necessary. We also find that, at this preliminary stage of the case, a consideration of the factors relating to how much the case will turn on credibility determinations and the need for expert witness testimony is premature. Finally, there is no indication that Redshaw would be unable to make an effort to secure pro bono counsel through his own efforts. Accordingly, we

3

conclude that our overall consideration of the above factors, as well as this Court's liberal

construction of pro se pleadings, Haines v. Kerner, 404 U.S. 519 (1972), weigh against the

appointment of counsel at this time.  Accordingly, Redshaw's Motion will be denied.  However,

our denial will be without prejudice such that, in the event that future proceedings demonstrate

the need for counsel, the matter may be reconsidered, either sua sponte or upon properly filed

motion by Redshaw.

**AND NOW, to wit, THIS** 9th **DAY OF JULY, 2012, IT IS HEREBY ORDERED**

**THAT** Plaintiff's letter entered on the docket on June 29, 2012 is construed as a Motion to

Appoint Counsel and the Motion (Doc. 9) is **DENIED** without prejudice.

Robert D. Mariani
United States District Judge

4