IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM REDSHAW,<br>　　　　　Plaintiff, | : | CIVIL NO. 3:CV-12-1150 |
| | : | (Judge Mariani) |
| v. | : | |
| SCI CAMP HILL<br>RESIDENT PSYCHIATRIST,<br>　　　　　Defendant | : | |

## MEMORANDUM

Plaintiff William Redshaw ("Plaintiff" or "Redshaw"), an inmate presently confined at the State Correctional Institution Somerset ("SCI Somerset") in Somerset, Pennsylvania, initiated the above action pro se by filing a civil rights Complaint under the provisions of 42 U.S.C. § 1983. (Doc. 1.) He alleges that, upon his intake at the State Correctional Institution in Camp Hill, Pennsylvania ("SCI Camp Hill"), his anti-depressant and anti-psychotic medications were discontinued by Defendant, and that while he subsequently was put back on his anti-psychotic medication after he filed a grievance, he received a lesser dosage than he had previously.

Based upon his request to proceed in forma pauperis in this case, we screened the Complaint under the provisions of 28 U.S.C. § 1915. By Memorandum and Order dated June 29, 2012, we dismissed the Complaint for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). (Docs. 7, 8.) However, based upon our determination that it is possible that the deficiencies in the Complaint may be remedied by amendment, we granted Redshaw leave to file an amended pleading within twenty-one (21)

days. (Id.) Accordingly, the deadline for Redshaw to file an amended complaint is July 20, 2012.

Presently before the Court is a letter from Redshaw, which was entered on the docket on July 16, 2012 and docketed as a "Motion to Compel." (Doc. 11.) In his letter, Redshaw states that he has been attempting to obtain information pertaining to this lawsuit from SCI Camp Hill officials, but they have failed to respond. (Id. at 1.) He also complains that staff at SCI Somerset has not fully cooperated with his efforts. (Id.) He therefore requests that this Court issue an Order directing staff at SCI Camp Hill to provide him with the name of the resident psychiatrist who treated him upon intake at SCI Camp Hill and the dates of Psychological Review Team Meetings at SCI Camp Hill where Redshaw was present and requested treatment. (Id.) Redshaw also notes that he remains untreated without anti-psychotics and that he is preparing to file a lawsuit against the resident psychiatrist at SCI Somerset. (Id.) Finally, he states that he would appreciate an extension of time to prepare his amended complaint. (Id. at 2.)

A court does not have personal jurisdiction in an action where service of process has not been properly made. Lampe v. Xouth, Inc., 952 F.2d 697, 700-01 (3d Cir. 1991) ("A court obtains personal jurisdiction over the parties when the complaint and summons are properly served upon the defendant. Effective service of process is therefore a prerequisite to proceeding further in a case."). In the instant case, service of process has not yet been attempted or accomplished because Redshaw's original complaint was dismissed for failure to

2

state a claim, and he has been given leave to attempt to amend his claims as provided by our June 29, 2012 Memorandum and Order. Consequently, this Court does not have personal jurisdiction over Defendant, and thus, we do not have the authority to issue an order directing Defendant to provide information to Redshaw. If service of process is accomplished following Redshaw's submission of an amended pleading, then the rules of discovery will apply, and Redshaw will be able to request the information he seeks from Defendant through the discovery process.[1] Moreover, we observe that the information Redshaw seeks is not necessary to his drafting of an amended pleading in that he may name the "SCI Camp Hill Resident Psychiatrist" as Defendant, and approximate the dates on which events occurred, and then in the course of discovery, he can attempt to obtain the name of Defendant and exact dates of events.

With respect to Redshaw's request for an extension of time to prepare his amended complaint, we find this request to be reasonable and will afford an extension until **August 3, 2012**. An appropriate Order follows.

July /8, 2012

Robert D. Mariani
United States District Judge

---

[1] We note, however, that the initial disclosure requirements of Federal Rule of Civil Procedure 26 do not apply inasmuch as this case is "an action brought without an attorney by a person in the custody of the United States, a state, or a state subdivision." Fed. R. Civ. P. 26(a)(1)(B)(iv).

3