IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM REDSHAW, | : | CIVIL NO. 3:CV-12-1150 |
| Plaintiff, | : | |
| | : | (Judge Mariani) |
| v. | : | |
| | : | |
| SCI CAMP HILL | : | |
| RESIDENT PSYCHIATRIST, | : | |
| Defendant | : | |

## MEMORANDUM and ORDER

On June 18, 2012, Plaintiff William Redshaw ("Plaintiff" or "Redshaw"), an inmate presently confined at the State Correctional Institution Somerset ("SCI Somerset") in Somerset, Pennsylvania, initiated the above action pro se by filing a civil rights Complaint under the provisions of 42 U.S.C. § 1983. (Doc. 1.) He alleges that, upon his intake at the State Correctional Institution in Camp Hill, Pennsylvania ("SCI Camp Hill"), his anti-depressant and anti-psychotic medications were discontinued by Defendant, the Resident Psychiatrist of that institution, and that while he subsequently was put back on his anti-psychotic medication after he filed a grievance, he received a lesser dosage than he had previously.

Based upon his request to proceed in forma pauperis in this case, we screened the Complaint under the provisions of 28 U.S.C. § 1915. By Memorandum and Order dated June 29, 2012, we dismissed the Complaint for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). (Docs. 7, 8.) However, based upon our determination that it is possible that the deficiencies in the Complaint may be remedied by

amendment, we granted Redshaw leave to file an amended pleading within twenty-one (21) days. (Id.)

On July 24, 2012, Redshaw filed an Amended Complaint. (Doc. 16.) By Order dated August 7, 2012, we directed service of the Amended Complaint on Defendant, the Resident Psychiatrist of SCI Camp Hill. (Doc. 17.) On September 21, 2012, the request to waive service of a summons that had been issued to Defendant was returned unexecuted with a notation that the United States Marshals Service ("USMS") was unable to identify Defendant and that Plaintiff must provide a full name in order for the USMS to execute service. (Doc. 21.)

Redshaw has been granted leave to proceed in forma pauperis in this matter (see Doc. 8), and therefore, he is not responsible to effectuate service personally, but instead "[t]he officers of the court shall issue and serve all process." 28 U.S.C. § 1915(d); see also Fed. R. Civ. P. 4(c)(3). Redshaw nevertheless is responsible to provide the necessary information to effect service within the time limit proscribed by Federal Rule of Civil Procedure 4(m). See Banks v. One or More Unknown Named Confidential Informants of Federal Prison Camp Canaan, et al., No. 06-CV-1127, 2008 WL 2563355, at *1 n.1 (M.D. Pa. June 24, 2008) (citing Okagbue-Ojekwe v. Federal Bureau of Prisons, No. 03-2035, 2007 WL 4570075, at *3 (D.N.J. Dec. 26, 2007) (stating a prisoner must "furnish [ ] the Marshal with the necessary information to effect service" before asserting that service defects should be excused for "good cause")). It is apparent that, even though Redshaw provided the title and place of employment of the sole Defendant in this action, this information was insufficient to enable the USMS to effect service.

2

> Federal Rule of Civil Procedure 4(m) provides, in relevant part, as follows:
>
> If a defendant is not served within 120 days after the complaint is filed, the court- on motion or on its own after notice to the plaintiff- must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But, if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period . . .

Fed. R. Civ. P. 4(m). The Complaint in this action was filed on June 18, 2012, and therefore, the 120 day deadline to effect service is October 16, 2012. Accordingly, on or before **October 23, 2012**, Redshaw either shall provide further identifying information for Defendant via a written notification filed with the Clerk of Court, including a first and last name, or at the very least, a last name, to enable the USMS to effect service, **or** Redshaw shall show good cause for the failure via a properly filed motion so as to warrant consideration by the Court of an extension of time to effect service.

Redshaw's failure to comply with this Order within the required time will result in the dismissal of this action against Defendant, without prejudice, pursuant to the provisions of Fed. R. Civ. P. 4(m). See Liu v. Oriental Buffet, 134 Fed. Appx. 544 (3d Cir. 2005) (holding District Court required to give plaintiffs notice prior to dismissing action under the provisions of Fed. R. Civ. P. 4(m)).

**NOW, THEREFORE, THIS 24th DAY OF SEPTEMBER, 2012, IT IS HEREBY ORDERED AS FOLLOWS:**

1. On or before **October 23, 2012**, Plaintiff either shall provide the Court with the

necessary information to effect service on Defendant, as specified in the foregoing Memorandum, or shall show good cause for the failure to do so via a properly filed motion.

2. Plaintiff's failure to comply with this Order within the required time will result in the dismissal of this action against Defendant, without prejudice, pursuant to Fed. R. Civ. P. 4(m).

Robert D. Mariani
United States District Judge