IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM REDSHAW, | : | CIVIL NO. 3:CV-12-1150 |
| Plaintiff, | : | |
| | : | (Judge Mariani) |
| v. | : | |
| | : | |
| DEBORAH GLASHEEN, CRNP | : | |
| | : | |
| Defendant | : | |

## MEMORANDUM

### THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:

On June 18, 2012, Plaintiff William Redshaw ("Plaintiff" or "Redshaw"), an inmate presently confined at the State Correctional Institution Somerset ("SCI Somerset") in Somerset, Pennsylvania, initiated the above action pro se by filing a civil rights Complaint under the provisions of 42 U.S.C. § 1983. (Doc. 1.)

Based upon his request to proceed in forma pauperis in this case, we screened the Complaint under the provisions of 28 U.S.C. § 1915. By Memorandum and Order dated June 29, 2012, we dismissed the Complaint for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). (Docs. 7, 8.) However, based upon our determination that it is possible that the deficiencies in the Complaint may be remedied by amendment, we granted Redshaw leave to file an amended pleading within twenty-one (21) days. (Id.)

In his Amended Complaint, filed on July 24, 2012, Redshaw alleges that, upon his intake at the State Correctional Institution in Camp Hill, Pennsylvania ("SCI Camp Hill"), his anti-depressant and anti-psychotic medications were discontinued by Defendant, who he identifies as the Resident Psychiatrist of that institution, and that, while he subsequently was put back on his anti-psychotic medication after he filed a grievance, he received a lesser dosage than he had previously. (Doc. 16.)

Redshaw only was able to identify Defendant by her title, and thus, by Order dated August 7, 2012, we directed service of the Amended Complaint on "the Resident Psychiatrist of SCI Camp Hill." (Doc. 17.) On September 21, 2012, the request to waive service of a summons that had been issued to Defendant was returned unexecuted with a notation that the United States Marshals Service ("USMS") was unable to identify Defendant and that Plaintiff must provide a full name in order for the USMS to execute service. (Doc. 21.) Therefore, by Memorandum and Order dated September 24, 2012, we directed Redshaw to provide further identifying information for Defendant, including a first and last name, or at the very least, a last name, via a written notification filed with the Clerk of Court on or before October 23, 2012. (Doc. 22.) On October 15, 2012, Redshaw filed a Motion requesting that we compel the staff at SCI Somerset to provide him with access to his medical records in an effort to obtain Defendant's name. (Doc. 24.) However, on October 31, 2012, a letter from Redshaw was entered on the docket in which he identifies Defendant as Deborah Glasheen, Certified Registered Nurse Practitioner ("CRNP"). (Doc. 30.) We therefore shall direct the Clerk of

2

Court to substitute Defendant's name on the docket in this action, direct service of the Amended Complaint on Defendant, and deny Redshaw's Motion to Compel as moot.

Also pending before the Court is a Motion to Dismiss, which was filed by counsel on behalf of "SCI Camp Hill" on October 19, 2012. (Doc. 27.) In the supporting brief, counsel, who has entered her appearance in this case solely on behalf of SCI Camp Hill (see Doc. 26) explains that, even though the Amended Complaint did not name SCI Camp Hill as a Defendant, and the Court did not direct service of the Amended Complaint on SCI Camp Hill, the Amended Complaint was served on SCI Camp Hill, and SCI Camp Hill remains an active Defendant on the docket. (Doc. 28 at 2.) SCI Camp Hill therefore asks that this Court reaffirm our determination in our June 29, 2012 screening Memorandum that SCI Camp Hill is not a "person" within the meaning of § 1983, and therefore is not a proper Defendant in this action. (See Doc. 8 at 2 n.1 (citing Will v. Michigan Dep't of State Police, 491 U.S. 58, 64, 70 (1989); Phippen v. Nish, 223 Fed. Appx. 191, 192 (3d Cir. 2007) (citing Fischer v. Cahill, 474 F.2d 881, 992 (3d Cir. 1971))).)

In our screening Memorandum, we stated that we construed the SCI Camp Hill Resident Psychiatrist as the sole Defendant in this action. (See id.) Moreover, the sole Defendant named by Redshaw in his Amended Complaint is the Resident Psychiatrist of SCI Camp Hill, and we directed service of the Amended Complaint solely on that Defendant. (See Doc. 17.) Thus, the service of the Amended Complaint on SCI Camp Hill was an error, and we shall grant

3

the Motion to Dismiss filed on its behalf. (Doc. 27.)

An appropriate Order follows.

_____
Robert D. Mariani
United States District Judge